UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RONA LEE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> N3, LLC, et al., <br><br> Defendants. | CASE NO. C16-1735JLR <br><br> ORDER DENYING STIPULATED MOTION TO CONTINUE TRIAL AND OTHER SCHEDULING DATES |

Before the court is the parties' stipulated motion to continue the trial date from April 2, 2018, to June 25, 2018, and to extend other associated scheduling deadlines. (Stip. Mot. (Dkt. # 32).) The court has considered the motion and, as described below, DENIES the parties' request.

The parties indicate that they need the extension because they decided "not [to] complete[] deposition discovery while awaiting the Court's decision on [Defendants'] motion [for summary judgment]." (*Id.* at 2.) As a result, the parties have "ten or more" depositions that remain to be taken prior to the December 4, 2017, discovery cutoff. (*Id.*)

There is nothing in the court's scheduling order that permits the parties to suspend discovery without the permission of the court. (*See generally* Sched. Order (Dkt. # 14).) To the contrary, the order specifically states that the deadlines "are firm" and "can be changed only be order of the court, not by agreement of counsel or parties." (*Id.* at 2.) Further, the order expressly states that "failure to complete discovery within the time allowed is not recognized as good cause." (*Id.*) Thus, the parties' decision to "suspend" discovery during the pendency of Defendants' motion for summary judgment was not only improvident, but also contrary to the court's scheduling order. Accordingly, the court DENIES the parties' stipulated motion to extend the trial date and other related scheduling deadlines for approximately two and one half months.

Alternatively, the parties ask the court "for an extension of the discovery cutoff [from December 4, 2017] to February 13, 2018." (Stip. Mot. at 2.) The problem with this request is that the dispositive motions deadline is presently set for January 2, 2018. (*See* Sched. Order at 1.) The court issues scheduling orders setting the trial and related dates to provide a reasonable schedule for the resolution of disputes. The court generally sets the discovery cut-off approximately 30 days prior to the deadline for filing dispositive motions. This ensures that the court has a complete record before it when it considers a motion that could potentially dispose of the case. Second, the schedule generally provides approximately 90 days between the deadline for filing dispositive motions and the trial date. This 90-day period takes into account: (a) an approximate 30-day lag between the date a party files a motion and the date that motion becomes ripe for the court's consideration, *see* Local Rules W.D. Wash. LCR 7(d)(3); and (b) an

additional 30 days during which the court endeavors to rule on the motion, *id.* at LCR 7(b)(5). Anything short of a 90-day period leaves inadequate time for the parties to consider the court's ruling and plan accordingly for trial or an alternate resolution. Further, by extending the discovery deadline beyond the deadline for dispositive motions, the court risks ruling on summary judgment in the absence of a complete record. Thus, the court is unwilling to steal time from this 90-day period to provide additional discovery time for the parties.

Nevertheless, the court is not without some flexibility with respect to the parties' case schedule. The court will not simply extend the parties' trial date and related case deadlines by two and a half months because this might imperil trial dates that the court has set in other matters for parties who have timely prepared their cases. The court is willing, however, to move this matter to the end of its trial calendar and issue a new scheduling order based on that new trial date for any deadlines that have not already lapsed. In deciding whether to accept this alternative, the parties should be aware that the court is presently scheduling trials in March 2019. If the parties agree on this alternative, they should so inform the court within seven (7) days of the filing date of this order.

Dated this 1st day of December, 2017.

JAMES L. ROBART
United States District Judge